United States District Court
Southern District of Texas

**ENTERED**

June 09, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-254 |
| | § | |
| LORENA L. SAENZ; aka SAENZ; dba LA | § | |
| OFICINA BAR & GRILL, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers the motion for summary judgment filed by J&J Sports Productions, Inc. ("Plaintiff") against Lorena L. Saenz a/k/a Lorena Saenz, individually, and d/b/a La Oficina Bar & Grill ("Defendant").[1]   Defendant filed a timely response.[2]   After considering the motion, response and relevant authorities, the Court **DENIES** summary judgment as follows.

### I.   Background

On June 7, 2015, Plaintiff filed its original complaint ("Complaint") in this Court pursuant to the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, alleging that Defendant unlawfully intercepted and broadcasted the closed-circuit telecasts of the June 9, 2012 *Manny Pacquiao v. Timothy Bradley, WBO Welterweight Championship Fight Program, including undercard or preliminary bouts* (collectively, "the Event") at the commercial establishment located at 1131 S. Alamo Rd., Alamo, Texas 78516 ("Establishment").[3]   On February 19, 2016, Defendant served Plaintiff with discovery

---

[1] Dkt. No. 15.
[2] Dkt. No. 16.
[3] Dkt. No. 1 ("Complaint").

documents.[4] Shortly after, Plaintiff moved for summary judgment pursuant to Section 605 of the Federal Communications Act.[5]

## II.   Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A fact is "material" if its resolution could affect the outcome of the action,[7] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[8] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[9]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[10] In this showing, "bald assertions of ultimate fact" are insufficient.[11] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[12] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[13] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[14] This demonstration must specifically indicate

---

[4] Dkt. No. 15, Exhs. C-E.
[5] Dkt. No. 15 at ¶ 11.
[6] FED. R. CIV. P. 56(a).
[7] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)(internal quotation marks and citation omitted).
[8] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)(citation omitted).
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[11] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978)(citation omitted).
[12] *See Celotex Corp.*, 477 U.S. at 323.
[13] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[14] *See id.*

facts and their significance,[15] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[16]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[17]  Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[18]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[19]  Parties may cite to any part of the record, or bring evidence in the motion and response.[20]  By either method, parties need not proffer evidence in a form admissible at trial,[21] but must proffer evidence substantively admissible at trial.[22]

### a.  Summary Judgment Evidence

In support of the instant motion, Plaintiff has submitted various documents including: the affidavit of Mr. Thomas P. Riley, a representative and custodian of records of Plaintiff;[23] a copy of the closed circuit license agreement between Plaintiff and the promoter of the Event;[24] the affidavit of Plaintiff's auditor, Mr. Matthew Schlieper ("Schlieper");[25] a copy of the "rate card"

---

[15] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[16] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[17] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

[18] *See id.*

[19] *See* FED. R. CIV. P. 56(e).

[20] *See* FED. R. CIV. P. 56(c).

[21] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[22] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

[23] Dkt. No. 21 at pp. 1-10 ("Exh. A.").

[24] *Id.* at pp. 11-18 ("Exh. A-1").

[25] *Id.* at pp. 19-23 ("Exh. A-2").

for the Event;[26] and the affidavit of Plaintiff's counsel David M. Diaz and its supporting documents.[27] Plaintiff also proffers several discovery documents: Defendant's responses to Plaintiff's request for admissions,[28] Defendant's answers to Plaintiff's interrogatories,[29] and Defendant's responses to Plaintiff's requests for production.[30] In support of her position, Defendant also submits her responses to Plaintiff's interrogatories,[31] and requests for admissions;[32] Schlieper's affidavit,[33] and further provides her affidavit.[34]

The Court now turns to the merits of the instant motion.

**III.   Discussion**

Plaintiff moves for summary judgment under the Federal Communications Act, 47 U.S.C. § 605.[35] Section 605(a) prohibits "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person" without authorization by a sender.[36] The Federal Communications Act is a strict liability statute; thus, in order "to prove a violation, the plaintiff need only show that [1] the Event was shown in the defendant's establishment [2] without the plaintiff's authorization."[37] In the discussion below, the Court will conduct a two-part analysis to determine whether the proffered evidence satisfies these requirements.

---

[26] *Id.* at pp. 24-25 ("Exh. A-3").
[27] *Id.* at pp. 26-51 ("Exh. B").
[28] *Id.*, Exh. C.
[29] *Id.*, Exh. D.
[30] *Id.*, Exh. E.
[31] Dkt. No. 16, Exh. A. (Although not objected to, a party's own responses to interrogatories are hearsay.)
[32] *Id.*, Exh. B. (Like Defendant's responses to interrogatories, a party's own responses to requests for admissions are hearsay.)
[33] *Id.*, Exh. C.
[34] *Id.*, Exh. D.
[35] Dkt. No. 15 at ¶ 11.
[36] 47 U.S.C. § 605(a).
[37] *Joe Hand Promotions, Inc. v. Lee*, No. CIV.A. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012) (citations omitted).

a.  *Was the Event shown in the Establishment?*

Plaintiff argues that the Event was broadcast in the Establishment on June 9, 2012. "On the date of the Event, without authorization, Defendant intercepted and received or assisted in the interception and receipt of the transmission of the Event, and broadcast or assisted in the broadcast of the Event to the patrons of the Defendant's Establishment."[38] Plaintiff's auditor, Schlieper, submits an affidavit in which he attests to entering the Establishment on June 9, 2012 at approximately 11:30 p.m. and observing all four televisions in the Establishment showing the Event.[39] According to Schlieper, the Event was broadcast to approximately thirty customers.[40]

In contrast, Defendant disputes that the Event was shown in her Establishment.[41] Through her affidavit, Defendant presents her summary judgment evidence and asserts: "I, Lorena Saenz individually was out of the state on June 9, 2012. Furthermore the event was not shown at my establishment La Oficina Bar & Grill on said date."[42] As an initial observation, the Court is concerned with the perfunctory nature of Defendant's affidavit. Although Defendant states that she has personal knowledge to assert that the Event was not shown in the Establishment,[43] she similarly admits to being out of state on the night of the Event. Defendant neglects to elaborate on how she has personal knowledge as to the activities at the Establishment on the night of June 9, 2012, or introduce evidence sufficient to support a finding that she had personal knowledge.

On this point, the Court reminds Plaintiff's counsel of this principle: "An affidavit or declaration used to support or oppose a motion must be made on *personal knowledge* . . . ."[44] Furthermore, under Federal Rule of Evidence 602 a "witness may testify to a matter only if

---

[38] Dkt. No. 15 at ¶ 5.
[39] Dkt. No. 21, Exh. A-2; Dkt. No. 16, Exh. C.
[40] *See id.*
[41] Dkt. No. 16 at ¶
[42] Dkt. No. 16, Exh. D.
[43] *Id.* ("The facts stated in this affidavit are within my personal knowledge and are true and correct.")
[44] Fed. R. Civ. P. 56 (c)(4)(emphasis added).

evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."[45] Under Federal Rule of Civil Procedure 56(c)(2), a party may object to material that cannot be presented in a form that would be admissible in evidence. Here, Plaintiff did not object to Defendant's affidavit. Accordingly, the Court will not rule on the admissibility of the affidavit. Nonetheless, considering the affidavit as a whole, it conclusively establishes that Defendant lacks the personal knowledge to attest to the critical issue. Thus, it is insufficient to defeat summary judgment.

Next, Defendant, as the party opposing summary judgment, is tasked with identifying "specific evidence in the record and [with] articulat[ing] the precise manner in which that evidence supports his or her claim."[46] Defendant fails to do this and instead merely directs the Court to consider *all* her evidence without specific citations. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[47] Nevertheless, because the evidence is not extensive, the Court has thoroughly inspected all of the evidence.

As noted, both Plaintiff and Defendant have submitted Defendant's discovery responses. Defendant, in the request for admissions responses #8, 11, and 12, denied broadcasting the Event in the Establishment on June 9, 2012.[48] Thus, Plaintiff's own summary judgment evidence refutes Plaintiff's claim that the Event was broadcast at the Establishment on June 9, 2012.

---

[45] *See also* Fed. R. Evid. 602 Advisory Committee Notes, 1972 Proposed Rules (". . . a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact . . .").

[46] *Diaz v. Kaplan Higher Educ., L.L.C.*, 15-50655, 2016 WL 1459115, at *3 (5th Cir. Apr. 13, 2016) (citing *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).

[47] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992)).

[48] Dkt. No. 16, Exh. B at ¶¶ 8 and 11; *see also* Dkt. No. 21, Exh. C at ¶¶ 8 & 11 & 12.

When presented with a motion for summary judgment, the Court views the facts and draws inferences from the evidence in the light most favorable to the non-movant.[49]  Since the Court refrains from making determinations of credibility and evidentiary weight, factual controversies must be resolved at trial. With these principles in mind, the Court finds that Defendant's discovery responses directly contradict Plaintiff's summary judgment evidence and rebuts a fundamental point of Plaintiff's Section 605 case. Thus, this presents a genuine dispute of a material fact. Accordin5gly, the Court **DENIES** Plaintiff's motion for summary judgment because there is a fact issue on whether the Event was actually broadcast by Defendant.

## IV.   Conclusion

For the reasons previously stated the Court **DENIES** Plaintiff's motion for summary judgment. The final pretrial conference is scheduled for **June 13, 2016 at 9:00 a.m.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of June, 2016.

_____
Micaela Alvarez
United States District Judge

---

[49] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted); *Chan v. Coggins*, 294 Fed. Appx. 934, 939 (5th Cir. 2008).